UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

FRANCIS A. NEULAND,

                                Plaintiff,                Case # 19-CV-867-FPG

v.                                                          DECISION AND ORDER

COMMISSIONER OF SOCIAL SECURITY,

                                Defendant.
_____

## INTRODUCTION

Plaintiff Francis A. Neuland brought this appeal of the Social Security Administration's ("SSA") decision to deny him disability benefits. ECF No. 1. On April 17, 2020, the Court adopted the parties' stipulation and order for remand. ECF No. 15. Thereafter, the Court entered a Stipulation and Order awarding Plaintiff's attorney, Brandi Smith, $5,485.45 in fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. ECF No. 19.

On December 23, 2020, the SSA issued a Notice of Award granting Plaintiff disability benefits and withholding $28,416.90—25 percent of his past due benefits—to pay his attorney. ECF No. 20-3 at 1, 4. On November 29, 2021, Plaintiff moved for $28,416.90 in attorney's fees under 42 U.S.C. § 406(b). ECF No. 20.

For the reasons that follow, Plaintiff's motion is GRANTED, counsel is awarded $28,416.90 in fees, and counsel shall remit the $5,485.45 in EAJA fees to Plaintiff.

## DISCUSSION

Before turning to the merits of Plaintiff's motion, the Court addresses the issue of timeliness. Under *Sinkler v. Berryhill*, 932 F.3d 83 (2d Cir. 2019), the limitations period for filing a motion under § 406(b) is found in Federal Rule of Civil Procedure 54(d)(2)(B). *See Sinkler*, 932 F.3d at 87-88. That rule requires that a motion for attorney's fees be filed "no later than 14 days

after the entry of judgment." Fed. R. Civ. P. 54(d)(2)(B)(i).  Where the "judgment" in question is a remand for further administrative proceedings, the limitations period is subject to equitable tolling until the "conclusion of the remand proceedings." *Sinkler*, 932 F.3d at 86.  Tolling is necessary because "parties who must await the Commissioner's award of benefits on remand cannot be expected to file an application for attorney's fees that are statutorily capped by the amount of an as-yet-unknown benefits award." *Id.* at 88.  "Once counsel receives notice of the benefits award"—and therefore "the maximum attorney's fees that may be claimed"—the fourteen-day period starts, "just as it would apply to any other final or appealable judgment." *Id.* Furthermore, district courts are "empowered to enlarge that filing period where circumstances warrant." *Id.* at 89.

Under these circumstances, the Court will not reject Plaintiff's motion as untimely.  Attorney Smith acknowledges the lengthy period between the issuance of the Notice of Award (December 23, 2020) and the filing of this motion (November 29, 2021).  *See* ECF No. 20-1 at 2-3.  She argues, however, that a copy of the Notice of Award was not received by her law firm until November 12, 2021, when Plaintiff hand-delivered one to her office.  ECF No. 20-2 at 2.  Attorney Smith has submitted an affidavit in which she avers that (a) the firm uses a case management system to track client files and maintain documents received; (b) the firm has a policy requiring staff to upload documents to the case management system no later than 24 hours after receipt; (c) the system has a record of receiving a favorable decision on November 30, 2020, but no corresponding record of receipt of the Notice of Award; and (d) it was not until November 12, 2021, when one of the firm's case managers reached out to Plaintiff about the Notice of Award, that her office obtained a copy.  *See* ECF No. 20-2 at 2-3; *see also* ECF No. 20-7 at 1.  Attorney Smith notes that the motion was otherwise timely filed once her office received a copy of the

Notice of Award.  *See* ECF No. 20-1 at 2-3.  Counsel's explanation—which the Commissioner does not challenge, *see* ECF No. 24—is reasonable and excuses the delay.  *Accord Perry v. Comm'r of Soc. Sec.*, No. 17-CV-1306, 2020 WL 360979, at *2-4 (W.D.N.Y. Jan. 22, 2020).

The Court turns to the merits.  The Social Security Act provides that

> [w]henever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment.

42 U.S.C. § 406(b)(1)(A).

Within the 25% boundary, "the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered."  *Abbey v. Berryhill*, No. 6:17-CV-06430-MAT, 2019 WL 336572, at *2 (W.D.N.Y. Jan. 28, 2019) (quoting *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002)).  The statute also requires "court review of [contingent fee] arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id.*

After a court confirms that the fee is within the 25% statutory boundary, it analyzes three factors to determine if the resulting fee is reasonable.  Those factors are: (1) whether the requested fee is out of line with the "character of the representation and the results the representation achieved"; (2) whether the attorney unreasonably delayed the proceedings in an attempt to increase the accumulation of benefits and thereby increase his fee; and (3) whether "the benefits awarded are large in comparison to the amount of time counsel spent on the case," the so-called "windfall" factor.  *Id.* (citation omitted).

The Court has reviewed each factor to assure that the requested fee is reasonable.  As an initial matter, the SSA awarded Plaintiff $113,667.60 in past due benefits and therefore counsel's request for $28,416.90 in fees represents 25% of the award and does not exceed the statutory cap.

As to the first factor, the Court finds that the requested fee is in line with the character of the representation and the results it achieved, because after counsel filed a motion for judgment on the pleadings, the Commissioner agreed to a stipulated order to remand for further proceedings. *See* ECF Nos. 10, 15. As to the second factor, there is no evidence that counsel unreasonably delayed the proceedings in an attempt to inflate past due benefits and the potential fee award.

As to the third factor, *i.e.*, whether the fee award constitutes a windfall to the attorney, courts often examine the lodestar figure to help them make this determination. *See Abbey*, 2019 WL 336572, at *2; *see also Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990). Here, counsel spent 26.66 hours in connection with the appeal to this Court. ECF No. 20-5 at 2. Dividing the $28,416.90 fee requested by 26.66 hours yields an hourly rate of $1,065.90. While this rate is undoubtedly high, courts have found similar rates reasonable where, as here, counsel developed meritorious, non-boilerplate arguments on the claimant's behalf. *McDonald v. Comm'r of Soc. Sec.*, No. 16-CV-926, 2019 WL 1375084, at *2 (W.D.N.Y. Mar. 27, 2019) (awarding fees with effective hourly rate of $1.051.64); *see also Torres v. Colvin*, No. 11-CV-5309, 2014 WL 909765, at *4 (S.D.N.Y. Mar. 6, 2014) ("[A] substantial body of caselaw has awarded rates that approach, if they do not exceed, $1,000.00."); *Morrison v. Saul*, No. 16-CV-4168, 2019 WL 6915954, at *3 (S.D.N.Y. Dec. 19, 2019) (approving fees based on effective hourly rate of $935.52).

Accordingly, based on all of the above, the Court concludes that the requested fee award is reasonable. Furthermore, counsel must refund the EAJA fees to Plaintiff, which she indicated she intends to do. ECF No. 20-1 at 10-11.

## CONCLUSION

Plaintiff's motion for attorney's fees under § 406(b) (ECF No. 20) is GRANTED and Plaintiff is awarded $28,416.90 in fees.  The Court directs the Commissioner to release those funds withheld from Plaintiff's benefits award.  After counsel receives the § 406(b) fee, she must remit the $5,485.45 EAJA fee to Plaintiff.

IT IS SO ORDERED.

Dated: January 4, 2022
      Rochester, New York

                                          HON. FRANK P. GERACI, JR.
                                          United States District Judge
                                          Western District of New York